**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **MARQUITA LEE, as the natural mother of ALAINA AARON, deceased,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Case No.** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Marquita Lee, as the natural mother of Alaina Aaron, through counsel Steel & Moss, LLP, alleges and complains against Defendant United States of America ("Defendant"), and states as follows:

**NATURE OF THE ACTION**

1. This is a civil action for damages resulting from medical malpractice and damages sustained by Plaintiff. This action arises out of the medical care and treatment provided to Marquita Lee and her unborn child, Alaina Aaron, by Oakhurst Medical Centers, Inc. (now doing business as MedCura Health, Inc.) and its agents, servants, and/or employees, including but not limited to Janella Thomas-Burse, M.D., all deemed employees of Defendant, which was negligently performed in such a manner so as to injure Plaintiff and her unborn child Alaina Aaron, deceased.

## PARTIES

2. Plaintiff Marquita Lee ("Ms. Lee") is the natural mother of Alaina Aaron, deceased. Ms. Lee is a resident of Lithonia, DeKalb County, Georgia.

3. At all times relevant, Oakhurst Medical Centers, Inc. ("Oakhurst") was a medical facility located in Stone Mountain, DeKalb County, Georgia, and held itself out as a competent provider of obstetric and gynecologic services and indeed did provide such services to Ms. Lee and her unborn child. Upon information and belief, Oakhurst has since rebranded and currently operates as MedCura Health, Inc. Oakhurst was at all times relevant, a federally supported health center pursuant to federal law, including the Federally Supported Health Centers Assistance Act, as amended, 42 USC § 233 (g)-(n).

4. Janella Thomas-Burse, M.D. ("Dr. Burse") is a physician licensed by the State of Georgia, a resident of Fulton County, Georgia, and at all times relevant provided healthcare services at Oakhurst in Stone Mountain, DeKalb County, Georgia.

5. At all times relevant, Dr. Burse held herself out to the public as a competent provider of obstetric and gynecologic services, and indeed did provide such services to Ms. Lee and her unborn child, Alaina Aaron.

6. In providing health care to Ms. Lee and her unborn child, Dr. Burse at all times relevant, was acting as the agent (actual and/or apparent), servant, and/or employee of Oakhurst.

7. Dr. Burse was at all times relevant, pursuant to federal law, including the Federally Supported Health Centers Assistance Act, as amended, 42 USC § 233(g)-(n), a "deemed employee" of Defendant.

8. At all times relevant, Dr. Burse acted within the scope of her authority as an agent (actual and/or apparent), servant, and/or employee of Oakhurst and deemed employee of Defendant.

9. At all times relevant, all other Oakhurst health care providers and staff who provided care to Ms. Lee also held themselves out to the public as competent providers of healthcare services, and indeed did provide such services to Ms. Lee and her unborn child, Alaina Aaron.

10. In providing health care to Ms. Lee and her unborn child, all health care providers and staff at Oakhurst were acting as the agents (actual and/or apparent), servants, and/or employees of Oakhurst.

11. At all times relevant, all other Oakhurst care providers and staff were "deemed employees" of Defendant pursuant to federal law, including the Federally Supported Health Centers Assistance Act, as amended, 42 USC § 233(g)-(n).

12. At all times relevant, all Oakhurst health care providers and staff acted within the scope of their authority as agents (actual and/or apparent), servants, and/or employees of Oakhurst and "deemed employees" of Defendant.

## JURISDICTION AND VENUE

13. The negligent acts and omissions of Defendant, complained of herein, all occurred in Stone Mountain, DeKalb, Georgia.

14. This action is being instituted against the United States of America pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2671 et. seq., for the negligent acts and omissions of Federal deemed employees of Oakhurst, including but not limited to Dr. Burse. Thus, this Honorable Court is vested with jurisdiction pursuant to federal statute, including 28 U.S.C. § 1346(b).

15. Plaintiff Ms. Lee has exhausted her administrative remedies as against Defendant and met all conditions precedent to filing this action.

16. On or about July 27, 2021, Plaintiff Ms. Lee timely served upon the appropriate federal agency (the U.S. Department of Health & Human Services) a proper Standard Form 95 – Claim for Damage, Injury or Death (with exhibits) in full compliance with the Federal Tort Claims Act.

17. Over one hundred and eight days have passed from the service of Standard Form 95, and the Department of Health & Human Services has not yet made any final determination regarding Plaintiff's administrative claims.

18. Venue as to the claim against Defendant lies in this District pursuant to 28 U.S.C. § 1402 because the acts or omissions of the Defendant's deemed employees complained of herein occurred in Stone Mountain, DeKalb County, Georgia.

## FACTUAL ALLEGATIONS

19. On May 6, 2020, Marquita Lee, age 24, was pregnant with Alaina Aaron. On May 6, 2020, the pregnancy was at approximately 27 6/7 weeks gestation. The estimated due date was July 30, 2020.

20. Alaina Aaron was a viable unborn child on May 6, 2020.

21. Ms. Lee had previously undergone two prior c-section deliveries. Her first delivery was complicated by preeclampsia.

22. Prenatally, Ms. Lee was followed by providers at Oakhurst beginning on January 7, 2020 when she was at approximately 10 5/7 weeks gestation.

23. On January 22, 2020, during Ms. Lee's second prenatal visit at Oakhurst, Oakhurst called and scheduled an appointment for Ms. Lee at Atlanta Perinatal Associates ("APA"), a high risk perinatology group, on the afternoon of the same day.

24. Ms. Lee advised that she was unable to attend that appointment at APA due to a prior obligation, and was asked to follow-up with APA at a later date.

25. Ms. Lee was seen again at Oakhurst for her scheduled follow-up visit on February 28, 2020.

26. On March 16, 2020, Ms. Lee was seen at APA at 20 4/7 weeks gestation for her perinatal consult. An evaluation revealed an estimated fetal weight of 322g (16%ile).

27. Ms. Lee was noted to have missed a follow-up appointment at Oakhurst on March 27, 2020 and an appointment on April 29, 2020 at APA.

28. On May 6, 2020, at 27 6/7 weeks gestation, Ms. Lee presented to Oakhurst's Stone Mountain office complaining of not feeling any fetal movement over the last day. Upon information and belief, Ms. Lee was sent to Oakhurst's Northlake office location for evaluation and then back to Oakhurst's Stone Mountain location for further care.

29. An ultrasound at Oakhurst on May 6, 2020 documented very good fetal movement. The ultrasound also revealed intrauterine growth restriction (IUGR) and polyhydramnios with a fetal weight of 789g (<3%ile).

30. Ms. Lee's obstetrical provider at Oakhurst's Stone Mountain location was Janella Thomas-Burse, M.D.

31. On May 6, Dr. Burse recognized that Ms. Lee required a timely evaluation by perinatologists and further evaluation and treatment.

32. Despite the significant growth restriction seen on May 6 with a fetal weight of only 789g (<3%ile), polyhydramnios, and complaints of decreased fetal movement, Dr. Burse and Oakhurst made the referral to APA with no urgency and did not communicate the rationale for the referral or the need for APA to evaluate Ms. Lee on the same day and/or recommend that the patient present immediately to the hospital for admission and further evaluation. This was a violation of the standard of care.

33. A referral order was sent on May 6 from Oakhurst to APA indicating that any follow-up appointment should be scheduled within the "provider's discretion."

34. Ms. Lee was scheduled by Oakhurst for an appointment at APA to take place eight days later on May 14, 2020 with the consent of Dr. Burse.

35. Over the next week Ms. Lee did not experience any further issues. However, shortly before her scheduled May 14, 2020 appointment with APA, Ms. Lee again noted decreased fetal movement.

36. At APA on May 14, at 29 0/7 weeks gestation, an ultrasound was performed indicating an estimated fetal weight of 884g and no fetal activity. An intrauterine fetal demise was diagnosed, and Ms. Lee was instructed to go directly to Grady Memorial Hospital.

37. At the hospital, an induction was begun on May 14, 2020.

38. On May 15, 2020, Alaina Aaron was delivered vaginally at 11:16 p.m. at 29 1/7 weeks gestation weighing 790g. Alaina Aaron had died in utero.

39. Ms. Lee should have been referred by Dr. Burse and Oakhurst for an immediate evaluation by APA on May 6, 2020, where she would have been recognized to have severe IUGR. Coupled with reports of decreased fetal movement, Ms. Lee would have then been immediately referred to the obstetrical unit for monitoring, treatment, and timely delivery. Alternatively, Dr. Burse should have recommended direct admission to the hospital on May 6, 2020 even without further evaluation by the perinatology group on the same date.

40. Alaina Aaron's death resulted from negligent care provided by Dr. Burse and Oakhurst.

41. Had Ms. Lee been treated appropriately by Defendant on May 6, 2020, baby Alaina Aaron would not have died in utero, would have been timely delivered alive, and would not have had any long term health issues. Alaina Aaron's injuries and death were due to the medical negligence of the Defendant USA, and its agents (actual and/or apparent), servants, and/or employees. Had appropriate care been rendered, and timely steps taken to adequately evaluate and bring about an earlier delivery as was required by the standard of care, Alaina Aaron's injuries and death would have been avoided.

**FIRST CAUSE OF ACTION - MEDICAL NEGLIGENCE**

42. Plaintiff incorporates by reference and reallege paragraphs 1 through 41 above as if fully restated herein and further allege:

43. Defendant, acting through its deemed agents (actual and/or apparent), servants, and employees, including but not limited to Dr. Burse, owed Plaintiff Marquita Lee and her unborn child Alaina Aaron a duty to exercise that degree of skill and care which like health care providers would have exercised in meeting the standard of care under the same or similar circumstances.

44. Defendant, acting through its deemed agent, servant, and employee, Dr. Burse, breached its duty and violated the accepted standards of care in the following ways, among others:

a. Failing to properly and timely recognize on May 6, 2020 that Marquita Lee needed to be evaluated the same day by perinatologists;

b. Failing to schedule Ms. Lee for a perinatology evaluation on May 6, 2020;

c. Alternatively, if Ms. Lee was not scheduled for a perinatology visit on May 6, 2020, failing to recommend that Ms. Lee present immediately on May 6, 2020 to the hospital for admission and further evaluation;

d. Failing to assure that Oakhurst staff scheduled Ms. Lee for follow-up evaluation to take place on May 6, 2020;

e. Failing to properly manage Marquita Lee's pregnancy on and after May 6, 2020;

f. Failing to take appropriate measures so as to avoid injury to the fetus, Alaina Aaron;

g. Failing to take appropriate measures so as to avoid Alaina Aaron's death;

h. Failing to communicate properly with other health care providers regarding the need for Marquita Lee's prompt assessment and treatment; and

i. Failing in other ways to manage Marquita Lee's condition appropriately.

45. Dr. Burse's conduct as referenced herein constitutes negligence and/or gross negligence.

46. Defendant, acting through its other deemed agents, servants, and employees, breached its duty and violated the accepted standards of care in the following ways, among others:

a. Failing to properly and timely recognize on May 6, 2020 that Marquita Lee needed to be evaluated the same day by perinatologists;

b. Failing to schedule Ms. Lee for a perinatology evaluation on May 6, 2020;

c. Alternatively, if Ms. Lee was not scheduled for a perinatology visit on May 6, 2020, failing to recommend that Ms. Lee present immediately on May 6, 2020 to the hospital for admission and further evaluation;

d. Failing to assure that Oakhurst staff scheduled Ms. Lee for follow-up evaluation to take place on May 6, 2020;

e. Failing to properly manage Marquita Lee's pregnancy on and after May 6, 2020;

f. Failing to take appropriate measures so as to avoid injury to the fetus, Alaina Aaron;

g. Failing to take appropriate measures so as to avoid Alaina Aaron's death;

h. Failing to communicate properly with other health care providers regarding the need for Marquita Lee's prompt assessment and treatment; and

i. Failing in other ways to manage Marquita Lee's condition appropriately.

47. The conduct of all other Oakhurst health care providers and staff as referenced herein constitutes negligence and/or gross negligence.

48. As a direct and proximate result of the aforesaid negligence, Alaina Aaron was caused to remain in a dangerous intrauterine environment on and after May 6, 2020.

49. As a direct and proximate result of the aforesaid negligence, Alaina Aaron died.

50. Alaina Aaron would have had a normal life expectancy if she had been afforded proper medical care and treatment.

51. As a result of Defendant's breaches and negligent acts or omissions, Plaintiff is entitled to an award of damages, in substantial amounts to be proven at trial herein.

52. Marquita Lee, as the natural mother of Alaina Aaron, brings this action in that capacity for Alaina Aaron's wrongful death and to recover the full value of her life as provided by law, general and special damages, including all damages alleged herein and which are otherwise allowed by law, which resulted from the negligence of the Defendant.

53. Attached hereto as Exhibit A is the Affidavit of Steven L. Warsof, M.D., in accordance with O.C.G.A., § 9-11-9.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marquita Lee, as natural mother of Alaina Aaron, requests that she be compensated with a fair, adequate, and just award of damages in excess of the required jurisdictional amount, against Defendant, plus costs, as well as such other and further relief as the Court deems just and appropriate under the

circumstances. PLAINTIFF FURTHER DEMANDS A JURY TRIAL AS TO ALL ISSUES RAISED IN THE COMPLAINT.

Respectfully submitted,
**STEEL & MOSS, LLP**

*/s/ John D. Steel*
John D. Steel
Georgia Bar No. 677646

The Fountains at Piedmont Center
3495 Piedmont Road, N.E.
Building 11 – Suite 905
Atlanta, Georgia 30305
Phone: (404) 264-1292
Email: jsteel@steel-moss.com